# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| JOVANDI BERMUDEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  vs.<br><br>TARGET CORPORATION,<br><br>     Defendant. | Civ. No. _____<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Jovandi Bermudez ("Bermudez" or "Plaintiff"), individually and on behalf of all persons similarly situated, by and through counsel, brings this class action complaint for damages against Defendant Target Corporation ("Target," the "Company," or "Defendant"), for breach of contract, promissory estoppel, and unfair and deceptive business practices. Plaintiff alleges the following based on knowledge of his own acts and upon information and belief as to all other allegations:

## NATURE OF ACTION

1.     Defendant Target is a corporation incorporated under the laws of the State of Minnesota, with its principal place of business in Minnesota.  According to the Company, Target has 1,752 retail stores in 49 states nationwide as well as a substantial internet business, www.target.com.  In addition, the Company operates a credit card segment that offers branded proprietary credit card products.

2.     To encourage customers to purchase particular products from their stores, Target issues coupons that customers can use to buy items at a reduced price. Additionally, Target also allows and encourages customers to use third party coupons issued by the manufacturers of the products at their stores.

3.     To further encourage the use of coupons at their locations, Defendant Target actively touts how easy it is for customers to use coupons at their locations.  As the Target Stores Coupon

Policy[1]  (the "Coupon Policy") states, "Coupons are a great way to save even more when shopping with us, and it's easy to use them at our stores."

4.      Through the Coupon Policy, Target clearly articulates their policies for the use and redemption of coupons in their stores.  As the Coupon Policy, in relevant part, explains:

- • Target accepts one manufacturer coupon and one Target coupon for the same item (unless prohibited)

- • Super Target coupons can be used in any Target store if the store carries the item

- • We gladly accept valid internet coupons

Because of the variety of coupons available to our guests, we do have some guidelines for how coupons can be redeemed at Target.

When accepting coupons, we use the following guidelines:

- • We accept two kinds of coupons: Target-issued coupons and manufacturer-issued.

- • We'll accept one Target coupon and one manufacturer coupon for the same item, unless either coupon prohibits it.

- • Coupon amount may be reduced if it exceeds the value of the item after other discounts or coupons are applied.

- • We can't give cash back if the face value of a coupon is greater than the purchase value of the item.

- • We can't accept coupons from other retailers, or coupons for products not carried in our stores.

- • All valid coupons should be presented to the cashier while you're checking out.

5.      Coupons issued by Target or third-party manufacturers clearly state the redemption/rebate value on their face.

---

[1]The Target Stores Coupon Policy can be found on Defendants Target's website at: http://www.target.com/b/ref=br_bx_4/192-8675570-7665569?ie=UTF8&node=2223357011.

6.      Coupons issued by Target or third-party manufacturers may have distinct rebate structures.  Many coupons simply discount the cost of an individual product.  However, there are coupons that offer a cumulative discount when a particular amount of said item is purchased.  These are referred to as Multi-Item Coupons.  For example, a Multi-Item Coupon may offer six dollars off the purchase of six items.  In this case, if only one item was purchased, then the customer would not receive a discount. However, if six of said items were purchased, then the customer would receive a rebate of six dollars off of their cost.

7.      As has been recently reported by various news sources,[2] the operating system of Defendant's registers has been unable to properly apply Multi-Item Coupons.  Defendant's registers have only been able to deduct up to the value of one of the items that the Multi-Item Coupon applies to, not the true full value of the coupon as required under the Coupon Policy and the terms of the coupon itself.  For example, if a customer uses a coupon that offers two dollars off when buying eight sodas that each cost one dollar, the customer should only pay six dollars for the eight sodas, which is the price of purchasing each of the eight sodas individually minus the value of the coupon. However, even if you purchased eight sodas with the corresponding coupon, Target's checkout registers would apply the two dollar discount to only one of the sodas because the registers are incapable of factoring in the discount cumulatively.  Since the computer apparently figures that the value for any individual item cannot drop below zero, just one dollar is subtracted from the customers receipt, instead of the two dollars promised by the coupon, even though they bought all eight items.  Thus, in this example, the customer would pay seven dollars, the eight dollars for the

---

[2] *See e.g.*, "Target shortchanges shoppers with certain coupons," Chicago Tribune (Oct. 28, 2010), available at: http://chicagobreakingbusiness.com/2010/10/18392.html

individual sodas minus the one dollar deducting from only one soda, instead of the six dollars that is promised by the coupon.

8.      While Target has repeatedly claimed that its inability to properly honor coupon was the result of computer error or "glitches,"[3] Defendant receives an undeserved financial reward for their fraudulent act because the Company still has the ability to redeem the coupon from the manufacturer at its face value(including a handling fee) even though they did not actually pass this discount to their customers as they were obligated too.

9.      Moreover, Defendant has been aware of this issue for a substantial amount of time yet has failed to fix the problem, notify its customers, and has continued to overcharge their customers.

10.     Defendants have consistently failed to honor the valid coupons of customers, even when the customers have completely adhered to the terms and conditions outlined on the coupon itself and in Defendant's Coupon Policy.   As a result, Defendant broke its promises to customers and consumers and caused them damages.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2) because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interests and costs, and this matter is a class action in which Class members are citizens of a different state than that of defendant.

---

[3]*Id.*

12.     Venue is proper in this Court pursuant to 28 U. S. C. § 1391 because the acts of the Defendant occurred in this District. Moreover,  Defendant is headquartered and incorporated in this District.

## THE PARTIES

13.     Plaintiff Jovandi Bermudez, a resident of Illinois, attempted to use Target coupons at one of Defendant's locations but was denied receipt of its full value by Defendant's conduct. Plaintiff relied on Defendant's promises that he could use the coupon and receive a redemption for its value.  However, the full value of Plaintiff's coupon was not honored by Defendant at a Target location and Plaintiff was overcharged for his purchases by the Company.

14.     Defendant Target is a corporation incorporated under the laws of the State of Minnesota, with its principal place of business in Minnesota.

## CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class consisting of all consumers residing in the United States who presented valid coupons in connection with their purchases at Target, but who did not receive the full promised face value printed on said coupons in connection with their purchases within the last six years (the "Class"). Excluded from the Class is Defendant, any entity in which Defendant  has a controlling interest, and any of Defendant's subsidiaries, affiliates, and officers, directors or employees, and any legal representative, heir, successor, or assignee of Defendants.

16.     This action has been brought and may properly be maintained as a class action pursuant to Federal Rule of Civil procedure 23(a) and (b)(3).

17.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes, and on that basis allege, that thousands of persons are members of the Class.  The precise number of Class members and their addresses are unknown to Plaintiff.  Class members may be notified of the pendency of this action by published and/or mailed notice.

18.     There is a well-defined community of interest in the questions of law and fact affecting the parties represented in this action.

19.     Common questions of law and fact exist as to all members of the Class.  These common questions predominate over the questions affecting only individual Class members.

20.     The questions common to members of the Class are, *inter alia*:

a.      Whether Defendant entered into a contract with Plaintiffs and the other members of the Class;

b.      Whether Defendant breached a contract with Plaintiff and the other members of the Class;

c.      Whether Defendant made false and/or misleading statements of fact to the Class and the public concerning the honoring of coupons at their locations;

7

d.      Whether Defendant's false and/or misleading statements of fact and concealment of material facts concerning the honoring of coupons at their locations was likely to deceive the public;

e.      Whether, by the misconduct set forth in this Complaint, Defendants have engaged in unfair, fraudulent or unlawful business practices with respect to the advertising, marketing and sales, and redemption of coupons;

f.      Whether Defendant violated Minn. Stat. §§ 325D.13, 325D.44 and  325F.69; and

g.      Whether, as a result of Defendant's misconduct as alleged herein, Plaintiff and the Class are entitled to injunctive relief and other remedies to which Class members are entitled as a result of Defendant's wrongful conduct, and, if so, the amount and nature of such relief.

21.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct.  Plaintiff has no interests antagonistic to the interests of the other members of the Class.  Plaintiff and all members of the Class have sustained economic injury arising out of the Defendant's violations of the common and statutory law as alleged herein.

22.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in complex class action litigation; and Plaintiff intends to prosecute this

action vigorously.  The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

23.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this class action.  Individualized litigation presents the potential for inconsistent or contradictory judgments.  A class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## SUBSTANTIVE ALLEGATIONS

24.     In accordance with the Coupon Policy, Defendant claims to accept Multi-Item Coupons issued by manufacturers and the Company when the items are offered in said Target location.   However, Target's computer system is incapable of properly honoring Multi-Item Coupons and even though the Company is aware of this issue, they have failed to remedy the issue, causing Plaintiff and others that are similarly situated to overpay for products at Defendant's stores.

25.     On or about October 1, 2010, Plaintiff attempted to purchase products using a manufacturer-issued Multi-Item Coupon at Defendant's Glendale Heights, Illinois location.  The product was available for purchase in the store and Plaintiff presented the coupon to the teller at the time of sale in accordance with the Coupon Policy.  However, Defendant did not honor the coupon

in its entirety and failed to rebate the appropriate value from the cost of the products.  Thus, Plaintiff was forced to pay more for the product than it should have cost.

26.     At the time of sale, the Target teller did not inform Plaintiff that Target's computer system that calculated the discount/rebate for the purchase was incapable of properly applying the coupon to the sale.   The Target teller also failed to instruct or notify Plaintiff to speak to other Target representatives so that Plaintiff would receive the true value of his coupon.

27.     On or about October 28, 2010, Plaintiff attempted to use a manufacturer issued Multi-Item Coupon to purchase cans of Campbell's Soup at Defendant's Glendale Heights, Illinois location. The product was available for purchase in the store and Plaintiff presented the coupon to the teller at the time of sale in accordance with the Coupon Policy.

28.     At this time, Plaintiff was aware of Target's registers' inability to properly process Multi-Item Coupons and that he had not received the appropriate value for his coupon previously. In an attempt to ensure that his coupon was honored, Plaintiff brought the Company's computer issues to the teller's attention and requested that the full value of the coupon be honored.  The teller told Plaintiff that he did not know how to redeem the coupon properly and that Plaintiff would have to go to the customer service department to get the refund.  The teller also instructed Plaintiff to leave the coupons with the teller in the meantime.

29.     Plaintiff followed the teller's instructions, leaving the coupon with the teller, who put the coupon into the register, and proceeded to request customer service that the coupon be honored. However, the store manager was uninformed about the Company's computers' inability to honor

10

the Multi-Item Coupons.  Plaintiff had to speak to a myriad of Target employees and spend over forty-five minutes to get his coupon properly honored.

30.     On or about November 15, 2010, Plaintiff attempted to use a manufacturer issued Multi-Item Coupon for razor blades at Defendant's Villa Park, Illinois location.  The product was available for purchase in the store and Plaintiff presented the coupon to the teller at the time of sale in accordance with the Coupon Policy.

31.     Defendant's register did not automatically honor the coupon in its entirety and failed to rebate the appropriate value from the cost of the products.  Instead, the teller manually checked the coupon to the receipt, which is not a common practice of tellers at Target locations, and found that Plaintiff had not received the true face value of the coupon off of his purchase.  The teller then manually adjusted Plaintiff's purchase, adding an additional store coupon for the amount of the difference onto Plaintiff's receipt, so that Plaintiff received the value of the Multi-Item Coupon off of his purchase.

32.     Defendant was aware of their inability to properly honor Multi-Item Coupons but failed to inform their customers of this fact or ensure that these customers were not overcharged for their purchases.  Instead, Defendant simply overcharged customers, including Plaintiff, causing Plaintiff and other Class members economic harm.

## COUNT I

### Breach of Contract

33.     Plaintiff hereby incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

34.     In advertising and promoting coupons, Defendants entered into a contract with Plaintiff and the Class upon their purchase of items that were listed on the coupon.

35.     Moreover, a coupon is considered a written contract. A coupon generally states that if the bearer of the coupon presents that coupon to a merchant in conjunction with the purchase of a particular item or product, the merchant will discount/rebate the price of the item or product purchased by the amount printed on the face of the coupon.

36.     Additionally, the Coupon Policy is a written contract, which is incorporated to all Target and manufacturers coupons of customers for products offered for sale at Target.

37.     Plaintiff and the members of the Class had performed their obligations under the contract.

38.     Defendant's failed to honor the coupons by not crediting Plaintiff's transactions properly and fully.

39.     Through Defendant's conduct, they breached their duty of good faith and their contracts with Plaintiff and the Class.

40.     As a direct and proximate result of Defendant's breach of contract, Plaintiff and the proposed Class have suffered monetary damages.

## COUNT II

### Unlawful Trade Practices - Minn. Stat. § 325D.13

41.     Plaintiff restates and incorporates the allegations contained in each paragraph above as though fully set forth herein and further alleges as follows:

42.     Target, in connection with its coupon program as previously alleged herein, knowingly misrepresented, directly and/or indirectly, the true nature and actual quality of its own

coupons and those issued by third-party manufacturers, violating Minn. Stat. § 325D.13.

43.     Plaintiff and the Class have been damaged and injured by, on account of, and as a direct, proximate and foreseeable result of Target's violations of this statute in an amount to be determined at trial.

44.     By reason of such violations and pursuant to Minn. Stat. § 8.31, Subd. 3a and § 325D.13 and § 325D.15, Plaintiff and the Class demand compensatory damages, attorneys' fees and costs, injunctive and equitable relief, and other remedies as determined by the Court pursuant to Minn. Stat. § 8.31, Subd. 3a and §325D.09 *et seq*.

## COUNT III

### Deceptive Trade Practices - Minn. Stat. § 325D.44

45.     Plaintiff restates and incorporates the allegations contained in each paragraph above as though fully set forth herein and further alleges as follows:

46.     Target represented that the services and products it provided to participants in regards to its coupons had, or have, characteristics, uses, and/or benefits that they did/do not have, violating Minn. Stat. § 325D.44, Subd. 1(5).

47.     Target represented that the services it provided to participants in regards to its own coupons and those issued by third-party manufacturers were, or are, of a particular standard, quality, and/or grade that they did/do not possess, violating Minn. Stat. § 325D.44, Subd. 1(7).

48.     Target advertised its services related to its coupons with the intent not to sell them as advertised, violating Minn. Stat. § 325D.44, Subd. 1(9).

49.     Target engaged in other conduct relating to the services it provided to participants in regards to its coupons which similarly created a likelihood of confusion or misunderstanding,

violating Minn. Stat. § 325D.44, Subd. 1(13).

50.     Target willfully engaged in the conduct in violation of Minn. Stat. § 325D.44, knowing it to be deceptive.

51.     Plaintiff and the Class have been damaged and injured by, on account of, and as a direct, proximate and foreseeable result of Target's violations of this statute in an amount to be determined at trial.

52.     By reason of such violations and pursuant to Minn. Stat. § 8.31, Subd. 3a and § 325D.44 and § 325D.45, Plaintiff and the Class demand compensatory damages, attorneys' fees and costs, injunctive and equitable relief, and other remedies as determined by the Court pursuant to Minn. Stat. § 8.31, Subd. 3a and §325D.45.

## COUNT IV

### Violation of Minnesota Prevention of Consumer Fraud Act - Minn. Stat. § 325F.69

53.     Plaintiff restates and incorporates the allegations contained in each paragraph above as though fully set forth herein and further alleges as follows:

54.     Target used fraud, false promises, false pretenses, misrepresentations, misleading statements, and/or deceptive practices in connection with the use of its coupons, including, without limitation, assuring customers and consumers that their coupon would be honored, as alleged herein.

55.     Defendant intended that Plaintiff and the Class rely on those false promises, false pretenses, misrepresentations, misleading statements, and/or deceptive practices in connection with the use of coupons.

56.     By reason of the conduct alleged herein, Target violated the provisions of Minn. Stat. § 325F.69, Subd. 1.

14

57.     Plaintiff and the Class have been damaged and injured by, on account of, and as a direct, proximate and foreseeable result of Defendant's violations of this statute in an amount to be determined at trial.

58.     By reason of such violations and pursuant to Minn. Stat. § 8.31, Subd. 3a and § 325F.69, Plaintiff and the Class demand compensatory damages, attorneys' fees and costs, injunctive and equitable relief, and other remedies as determined by the Court pursuant to Minn. Stat. § 8.31, Subd. 3a and §325F.68 *et seq*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests on their own behalf and the other members of the Class, for judgment against Defendant as follows:

1.      An Order certifying the proposed Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and certifying Plaintiff as class representatives and their undersigned counsel of record to represent the Class;

2.      Awarding injunctive relief as this Court deems necessary and proper in favor of Plaintiff and the other Class members against Defendant;

3.      For actual damages for injuries suffered by Plaintiff and the other members of the Class as a result of Defendant's breach of its contract and promises with Plaintiff and the Members of the proposed Class;

4.      Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

5.      Awarding such other and further relief as this Court may deem just and proper including any extraordinary equitable relief and/or injunctive relief as permitted by law or equity

to attach, impound or otherwise restrict Defendant's assets to assure Plaintiff and the member of the

Class have an effective remedy.

### JURY DEMAND

Plaintiff hereby demands a trial by jury

Dated: March 8, 2011                         **REINHARDT, WENDORF & BLANCHFIELD**
                                             **GARRETT D. BLANCHFIELD, JR. (#209855)**

                                             _____*s/Garrett D. Blanchfield*_____
                                                     Garrett D. Blanchfield

                                             E-1250 First National Bank Bldg.
                                             332 Minnesota St.
                                             St. Paul, MN 55101
                                             Telephone:     (651) 287-2100
                                             Facsimile:     (651) 287-2103


                                             **GLANCY BINKOW & GOLDBERG LLP**
                                             Lionel Z. Glancy
                                             Michael Goldberg
                                             Marc Godino
                                             1801 Avenue of the Stars, Suite 311
                                             Los Angeles, California 90067
                                             Telephone:     (310) 201-9150
                                             Facsimile:     (310) 201-9160

16